# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, as Trustee of Stanwich Mortgage Loan Trust A, <br><br> Plaintiff, <br><br> v. <br><br> DEAN J. CIRONE and MAINE REVENUE SERVICES, <br><br> Defendants. | Docket No. 1:19-cv-234-NT <br><br> Re: 770 East Side Road, Addison, ME Washington County <br><br> Mortgage: December 26, 2007 Washington County Registry of Deeds Book 3369, Page 158 |

## JUDGMENT OF FORECLOSURE AND SALE

**Title to Real Estate Involved**
Address: 770 East Side Road, Addison, Maine
Mortgage: Book 3369, Page 158 in Washington County Registry of Deeds

This matter came before the Court for a hearing on the Plaintiff's Motion for Default Judgment on January 15, 2020 (ECF No. 14). In a separate Order, which is hereby incorporated by reference, I made findings of fact and conclusions of law, dismissed Count II of the Complaint pursuant to the Plaintiff's request, and granted the motion for default judgment. Order on Pl.'s Mot. for Default J. (ECF No. 47). After consideration of the pleadings, testimony, and documentary evidence provided by the Plaintiff, I further find as follows:

1. That the parties have received notice of the proceedings in this action, having previously been served with the summons and complaint, and that notice was

given in accordance with the applicable provisions of the Federal Rules of Civil Procedure.

2. That venue is properly laid in this Court.

3. That the Plaintiff is entitled to judgment as a matter of law.

4. That Defendant Dean J. Cirone is in breach of the terms of a certain promissory note held by the Plaintiff dated December 26, 2007 (the "**Note**"), that Cirone's breach constitutes a default, and that, upon such default, proper notice of default was sent to the Defendants.

5. That the Plaintiff is the mortgagee of record of a mortgage securing the Note and recorded in the Washington County Registry of Deeds in Book 3369, Page 158 (the "**Mortgage**"). The Mortgage encumbers real estate located at 770 East Side Road, Addison, Maine (the "**Property**"). The legal description of the Property contained in the Mortgage is incorporated herein by reference and attached hereto as Exhibit A.

6. That the default of the Note caused a breach of the Mortgage.

7. That as of January 15, 2020, the following amounts are owed to the Plaintiff under the terms of the Note and Mortgage:

|   |   |   |   |
|---|---|---|---|
| a. | Principal Balance | $ | 95,019.98 |
| b. | Accrued Interest | | 98,907.49 |
| c. | Attorney Fees | | 6,818.75 |
| d. | Attorney Costs | | 562.22 |
|   | **Total:** | | **$ 201,308.44** |

The Plaintiff is entitled to add post-judgment attorneys' fees and costs incurred in connection with the foreclosure, as well as any additional amounts advanced by the Plaintiff pursuant to the Note and Mortgage.

8. That the order of priorities and amount of the claims of the parties for distribution from the proceeds of sale, after payment of expenses of sale, in this case are as follows:

   a. The Plaintiff in the amount of $201,308.44, plus accrued interest at the rate of 10.20% per annum, amounting to $26.554 per day to the date of entry of judgment, plus interest after judgment at a rate of 10.20% per annum pursuant to 14 M.R.S. § 1602-C(1). Further, the Plaintiff is entitled to the additional amounts incurred by the Plaintiff as described in Paragraph 7 above, including but not limited to attorneys' fees and costs;

   b. Defendant Maine Revenue Services in the amount established by any timely filed Affidavit of Debt;

   c. Defendant Dean J. Cirone in the amount of any excess proceeds from sale, pursuant to 14 M.R.S. § 6324; and

   d. Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust A, present assignee of the Mortgage, by virtue of an assignment of mortgage recorded in the Washington County Registry of Deeds in Book 4553, at Page 256, in accordance with a priority interest agreed to by the parties.

9. That the names and addresses (if known) of all parties to this action and their counsel of record are identified as follows:

> Dean J. Cirone
> P.O. Box 121
> Addison, ME 04606

>State of Maine-Maine Revenue Services
>c/o Kevin J. Crosman, Esq.
>6 State House Station
>Augusta, ME 04333
>
>Wilmington Savings Fund Society, FSB,
>as trustee of Stanwich Mortgage Loan Trust A
>c/o Bendett & McHugh, P.C.
>30 Danforth Street, Suite 104
>Portland, ME 04101

10. That the Plaintiff's claim for attorneys' fees is not integral to the relief sought.

11. That the Defendant has not requested mediation and the Federal Rules of Civil Procedure do not require mediation so the requirement that the parties participate in the State's foreclosure mediation program, as set forth in 14 M.R.S. § 6321-A, is considered waived.

12. That there is no just reason for delay in the entry of final judgment for the Plaintiff on all claims, except for the claim for attorneys' fees and disbursements and additional amounts incurred by the Plaintiff related to its mortgage security after the date of this Judgment, for the following reasons:

   a. If judgment is granted but not entered as final, the time periods set forth in 14 M.R.S. §§ 6322 and 6323 will commence even though the judgment is subject to later revision;

   b. The Plaintiff and any bidders at the foreclosure sale would be exposed to some risk in proceeding to a sale if judgment is not final and remains subject to revision; and

   c. Any dispute regarding post-judgment attorneys' fees and disbursements or additional amounts advanced by the Plaintiff related to its mortgage security may be resolved by the Defendants filing a motion contesting the Plaintiff's Report of Public Sale as provided in 14 M.R.S. § 6324.

**WHEREFORE**, Judgment on Count I – Foreclosure and Sale is hereby **ENTERED** as follows:

  A. If Defendant Dean J. Cirone, or his heirs and assigns, does not pay the Plaintiff the amounts adjudged to be due to the Plaintiff as set forth in Paragraph 8(a) above within ninety (90) days from the date of entry of this Judgment, the Plaintiff (through its agents or attorneys) shall proceed with a sale of the Property described in the Mortgage, pursuant to 14 M.R.S. §§ 6321–6324, free and clear of all liens, except liens senior to the Plaintiff's Mortgage, and shall pay the proceeds of sale, after satisfying expenses of sale, in the amounts, manner, and priority set forth in Paragraph 8 above;

  B. The Clerk is hereby directed to enter this Judgment of Foreclosure and Sale as a final judgment pursuant to Fed. R. Civ. P. 54(b), except as to any additional post-judgment attorneys' fees and disbursements or additional amounts advanced by the Plaintiff related to its mortgage security;

  C. If Defendant Dean J. Cirone fails to redeem by paying the above amounts adjudged to be due on or before ninety (90) days from the date of entry of this Judgment, or within such additional time as the Plaintiff may in its sole discretion allow, or if Defendant Dean J. Cirone abandons the Property, the Plaintiff shall then be entitled, at its option, to take exclusive possession of the Property described in the Plaintiff's Mortgage, and Clerk shall issue a Writ of Possession at the request of the Plaintiff;

D. The Plaintiff is entitled, at its option, to have a receiver appointed to collect the rents of the Property pursuant to the Mortgage;

E. An execution may issue against Defendant Dean J. Cirone for any deficiency, provided the requirements are met;

F. The Plaintiff shall specify attorneys' fees and disbursements incurred after the date of this Judgment in its Report of Public Sale, which shall then constitute a timely application for an award of additional attorneys' disbursements, notwithstanding Fed. R. Civ. P. 54(d) and Local Rule 54.2, and the Defendants may contest the Report and application for additional attorneys' fees and disbursements by filing a motion pursuant to 14 M.R.S. § 6324;

G. Once the applicable appeal period has expired, the Plaintiff shall prepare and the Clerk shall execute an appropriate certification either that no action was taken or that an appeal was filed, and the Plaintiff shall then record the said certification and a copy of this Judgment in the Washington County Registry of Deeds and pay the recording fees therefore, in compliance with 14 M.R.S. § 2401(3), with such fees and costs so incurred by the Plaintiff to be added to and become part of the mortgage indebtedness secured by the Mortgage; and

H. The Clerk shall enter the following in the docket:

"Judgment of Foreclosure and Sale dated _____, 2022 for the Plaintiff as a final judgment except for additional attorneys' fees and disbursements and any additional amounts advanced by the Plaintiff related to its mortgage security, and said Order is incorporated in the docket by reference. This entry is made in accordance with Fed. R. Civ. P. 79(a) at the specific direction of the Court."

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 14th day of March, 2022.